# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARNELL LEARY,** | Civil Action No. 17-13685 (JLL) |
| **Petitioner,** | |
| v. | **MEMORANDUM OPINION** |
| **GARY LANIGAN, et al.,** | |
| **Respondents.** | |

IT APPEARING THAT:

1. On or about December 21, 2017, Petitioner, Darnell Leary, filed his petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his 1995 state court aggravated sexual assault conviction. (ECF No. 1).

2. On January 3, 2018, this Court entered an order administratively terminating Petitioner's *habeas* matter as Petitioner had not used the form required by the Local Civil Rules. (*See* ECF No. 2).

3. Following Petitioner's filing of an amended petition on the appropriate form (ECF No. 3), this Court entered an order[1] screening Petitioner's amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and directing Petitioner to show cause within thirty days why his petition should not be dismissed as time barred. (ECF No. 4).

4. Despite the passage of nearly two months since the Order to Show Cause was entered on February 13, 2018, Petitioner has failed to file a response to the Order. (ECF Docket Sheet).

5. As this Court explained in the Order to Show Cause,

---

[1] That Order also provided Petitioner with the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). Pursuant to the Order to Show Cause, Petitioner's failure to respond is construed as his "choosing to have his petition ruled upon as filed." (*See* ECF No. 4 at 1-2 n. 1).

1

Petitions for a writ of *habeas corpus* brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, that one-year statute of limitations begins to run on the date on which the petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of *certiorari* in the United States Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A). Where a petitioner's conviction became final prior to the effective date of the AEDPA, however, the one-year limitations period instead runs from the effective date of the statute, April 24, 1996. *See, e.g., Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

In this matter, Petitioner pled guilty in September 1994, and was sentenced on June 2, 1995. (*See* ECF No. 3 at 1, 20). Because Petitioner did not file a direct appeal, his conviction became final forty-five days later when his time for filing an appeal expired. *See* N.J. Court R. 2:4-1(a) (appeals from final judgments of state courts must be filed within forty-five days). Because Petitioner's conviction therefore became final well before April 1996, his one-year limitations period instead would run from April 24, 1996, and expired one year later in April 1997.

In his petition, however, Petitioner argues that his one-year limitations period should run from a later date because he did not become aware of the basis for his claims, specifically that he was subject to sex offender monitoring, and in turn civil commitment, when he failed to comply with that monitoring until his release from prison, which occurred in 2009, or when he was sentenced in 2013 for failing to comply with sex offender monitoring. (*See* ECF No. 3 at 14, 21-22). Even assuming, *arguendo*, that Petitioner could show that he is entitled to an earlier start date because his claims could not have been discovered sooner with due diligence, *see* 28 U.S.C. § 2244(d)(1)(D), his one-year limitations period would still have run a year later in 2010 or 2014, more than three years before he filed his current petition, and Petitioner's *habeas* petition is therefore untimely absent some basis for tolling of the statute of limitations.

In his *habeas* petition, Petitioner presents only one argument for tolling of the one-year limitations period – that his one-year limitations period should not have begun to run until he learned of the denial of certification on his appeal from the denial of his post-

conviction relief petition which he filed in May 2014. (ECF No. 1 at 14, 21). While it is true that a properly filed petition for state post-conviction relief will statutorily toll the AEDPA limitations period while it remains pending in the state courts, *see Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 2244(d)(2)), a post-conviction relief petition will only be "properly filed" and confer such tolling where "its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . including time limits, no matter their form." *Id.* (internal quotations omitted). "Thus, if a state court determines that an application is untimely, that [is] the end of the matter" and the petitioner is not entitled to statutory tolling based on his filing of a post-conviction relief petition. *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005).

Unfortunately for Petitioner, the state courts specifically found that his state post-conviction relief petition was untimely filed. (*See* ECF No. 3 at 20-22). As such, the filing of his post-conviction relief petition provides no basis for the tolling of AEDPA's one-year limitations period, and Petitioner's one-year limitations period would have expired several years before Petitioner filed his current petition even if this Court accorded Petitioner a 2013 start date rather than the 1997 date which appears to apply. Thus, absent some basis for equitable tolling, Petitioner's *habeas* petition is clearly time barred.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner who shows only excusable neglect is not entitled to the benefit of equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

In his *habeas* petition, Petitioner presents, at best, an argument that his tardy filing should be permitted because of his own excusable neglect insomuch as he did not discover that he was subject to civil commitment or sex offender monitoring until he was released from prison in 2009. Such excusable neglect, however, does not warrant equitable tolling, and even if it did, that tolling would at best only toll Petitioner's limitations period until he was civilly committed, which apparently occurred some time in late 2013 or early 2014, several years before Petitioner filed his *habeas*

3

> petition. Petitioner thus does not appear to be entitled to equitable tolling, and his *habeas* petition appears to be well and truly time barred by many years. Because Petitioner has not fully addressed the issue of equitable tolling in his habeas petition, however, the Court will permit Petitioner, within thirty days, to present any basis he may have for either a later start date for his one year limitations period or for equitable tolling.

(ECF No. 4 at 2-5, paragraph numbers omitted).

6. As explained above, Petitioner's *habeas* petition is untimely on its face, and Petitioner has shown no basis for equitable or statutory tolling sufficient to make his current *habeas* petition timely. As this Court perceives no basis for tolling, and Petitioner has chosen not to respond to the Court's Order to Show Cause, Petitioner's *habeas* petition is clearly time barred and his amended petition shall therefore be dismissed with prejudice as untimely.

7. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a *habeas* proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner's *habeas* petition is clearly time barred for the reasons expressed above, and Petitioner has utterly failed to demonstrate any basis for the tolling

of the limitations period, jurists of reason could not debate that this Court is correct in determining that his petition must be dismissed as untimely. A certificate of appealability is therefore denied.

8. In conclusion, Petitioner's amended petition for a writ of *habeas corpus* (ECF No. 3) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

_____
JOSE L. LINARES,
Chief Judge, United States District Court